# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FREDDIE TUCKER, et al.,<br><br>  Plaintiffs,<br><br>vs.<br><br>SOUTH SHORE VILLAS HOMEOWNERS ASSOCIATION, et al.,<br><br>  Defendants. | Case No. 2:15-cv-00961-JAD-NJK<br><br>**ORDER**<br><br>(Docket Nos. 8, 9) |

Plaintiffs Freddie Tucker and Ida Hanson are proceeding in this action *pro se* and have requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*. Docket Nos. 8, 9. Plaintiffs also submitted a Complaint on May 21, 2015. Docket No. 3. This proceeding was referred to this court by Local Rule IB 1-9.

## I.   *In Forma Pauperis* Application

Plaintiffs have each submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket Nos. 8, 9. Accordingly, the requests to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiffs' complaint.

## II.   **Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as . . . .

to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570. Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. V. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). As Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000"[1] and where the

---

[1] Plaintiffs' complaint alleges that the matter in controversy exceeds $75,000. Docket No. 3 at 10.

matter is between "citizens of different states." Pursuant to the statute, a corporation "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business..." 28 U.S.C. § 1332(c) (1). Plaintiffs' complaint alleges that they are citizens of California. Docket No. 3 at 1. The complaint further alleges that Defendants South Shore Villas Homeowners Association and Resources Group, LLC are citizens of Nevada. *Id*., at 3. Plaintiffs' complaint further alleges that Defendant Angius and Terry Collection, LLC, is a "partnership organized under the State of California." *Id*. Finally, Plaintiffs' complaint fails to allege the citizenship of Defendants Jacqueline Taylor, Lido Isle Corporate Trust and Iyad Haddad. *Id*., at 3-4. Therefore, it appears, due to Defendant Angius and Terry Collection, LLC, that full diversity of citizenship does not exist; however, the Court cannot make that determination based upon the allegations set forth in the complaint and the lack of allegations regarding the citizenship of Defendants Jacqueline Taylor, Lido Isle Corporate Trust and Iyad Haddad. Accordingly, the Court finds that Plaintiffs have not established diversity jurisdiction.

Accordingly,

**IT IS ORDERED** that:

1. Plaintiffs' requests to proceed *in forma pauperis* are GRANTED. Plaintiffs shall not be required to pay the filing fee of four hundred dollars ($400.00).

2. Plaintiffs are permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. The Complaint is **DISMISSED** for failure to establish federal jurisdiction, with leave to amend. Plaintiffs will have until **October 1, 2015**, to file an Amended Complaint, if they believe they can correct the noted deficiencies. If Plaintiffs choose to amend the complaint, they are informed that the Court cannot refer to a prior pleading (i.e., the original Complaint) in order to make the Amended Complaint complete. This is because, as a general rule, an Amended Complaint supersedes the original Complaint. *See Loux v. Rhay*,

375 F.2d 55, 57 (9th Cir. 1967). Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading. Once a plaintiff files an Amended Complaint, the original Complaint no longer serves any function in the case. Therefore, in an Amended Complaint, as in an original Complaint, each claim and the involvement of each defendant must be sufficiently alleged. Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

Dated this 28th day of August, 2015.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE