**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| FREDDIE TUCKER, et al., ) | Case No. 2:15-cv-00961-JAD-NJK |
|                Plaintiffs, ) | **ORDER** |
| vs. ) | |
| SOUTH SHORE VILLAS HOMEOWNERS ) ASSOCIATION, et al., ) | |
|                Defendants. ) | |

Plaintiffs are proceeding in this action *pro se* and *in forma pauperis*. Docket Nos. 8, 10. Plaintiffs submitted a Complaint on May 21, 2015, which the Court screened pursuant to 28 U.S.C. § 1915(a) and dismissed for lack of subject-matter jurisdiction. Docket No. 10. Presently before the Court is Plaintiffs' Amended Compliant, which the Court screens pursuant to § 1915(a). Docket No. 17.

**I.     Standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.  Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of pro se pleadings is required after *Twombly* and *Iqbal*).

## II.      Subject-Matter Jurisdiction

Federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004).  "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears."  *Stock West, Inc. V. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989).  As Plaintiff is the party who invokes the court's jurisdiction, Plaintiff bears the burden of proving that the case is properly in federal court. *McCauley v. Ford Motor Co*., 264 F.3d 952, 957 (9th Cir. 2001) (*citing McNutt v. General Motors Acceptance Corp*., 298 U.S. 178, 189 (1936)).

The principal federal statute governing diversity jurisdiction, 28 U.S.C. § 1332, gives federal district courts original jurisdiction of all civil actions "between . . . citizens of different States" where the amount in controversy exceeds $75,000. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) (citing § 1332(a)(1)). Since *Strawbridge v. Curtiss*, 3 Cranch 267 (1806), the United States Supreme Court has "read the statutory formulation 'between . . . citizens of different States' . . . to require complete diversity between all plaintiffs and all defendants." *Id*.  Complete diversity requires that "each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

When a party is a corporation, its citizenship "shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . ." 28 U.S.C. § 1332(c)(1).  Partnerships, however, are treated as a citizen of each state

of which its members are citizens. *Carden v. Arkoma Associates*, 494 U.S. 185, 196 (1990).  Noncorporate business entities, like limited liability companies ("LLC") and limited liability partnerships ("LLP"), are treated like partnerships for the purpose of determining diversity jurisdiction. *Johnson v. Columbia Properties Anchorage*, *LP*, 437 F.3d 894, 899 (9th Cir. 2006) (explaining that "an LLC is a citizen of every state of which its owners/members are citizens").

Here, Plaintiffs have failed to allege that complete diversity exists between each of them and each defendant.  Plaintiffs' complaint alleges that they are citizens of California.  Docket No. 17 at 3.  The complaint further alleges that various defendants are LLCs and LLPs organized "under the State of California" and "under the laws of the State of Nevada."  *Id.*  The place of incorporation, however, is not the test of a noncorporate business entity's citizenship. *Johnson*, 437 F.3d 894 at 899.  Since the complaint fails to allege that each member of each LLC and LLP defendant is completely diverse from each Plaintiff, Plaintiffs have not established diversity jurisdiction.

**III.   Conclusion**

Accordingly, Plaintiffs have not alleged sufficient facts to show that the Court has subject-matter jurisdiction over this action.  The Court gives Plaintiffs one final opportunity to establish subject-matter jurisdiction.  The Amended Complaint is **DISMISSED** for lack of subject-matter jurisdiction, with leave to amend.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

Plaintiffs will have until **March 23, 2016**, to file a Second Amended Complaint, if they believe they can correct the noted deficiencies.  If Plaintiffs choose to file a second amended complaint, they are informed that the Court cannot refer to a prior pleading (*i.e.*, the original Complaint) in order to make the Amended Complaint complete.  This is because, as a general rule, an Amended Complaint supersedes the original Complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Local Rule 15-1 requires that an Amended Complaint be complete in itself without reference to any prior pleading.  Once a plaintiff files an Amended Complaint, the prior Complaint no longer serves any function in the case.  Therefore, in an Amended Complaint, as the prior Complaint, each claim and the involvement of each defendant must be sufficiently alleged.  Failure to comply with this Order will result in the recommended dismissal of this case, without prejudice.

IT IS SO ORDERED.

Dated this 22nd day of February, 2016.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE