UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| Freddie Tucker et al., | 2:15-cv-00961-JAD-NJK |
|---|---|
| Plaintiffs | |
| v. | **Order Granting Motion to Dismiss and Expunge Lis Pendens and Motion to Declare Plaintiffs Vexatious Litigants** |
| South Shore Villas Homeowners Association, et al., | |
| Defendants | [ECF Nos. 26, 41] |

Pro se plaintiffs Freddie Tucker and Ida Hanson sue defendants to challenge the sale of Tucker's home at a 2012 foreclosure sale after he fell behind on his homeowners' association dues. Defendants move to dismiss, arguing that plaintiffs claims are barred by the doctrine of claim preclusion, and defendants move to declare plaintiffs vexatious litigants. I grant defendants' dismissal motion, expunge the lis pendens, and declare plaintiffs vexatious litigants as to any future claim arising from the sale of the property located at 3127 Lido Isle Court, Las Vegas, NV, 89117 against defendants and those in privity with them.[1]

**Background**

**A.   Tucker's complaint**

Plaintiffs bring this case to challenge the sale of Tucker's home located at 3127 Lido Isle Court, Las Vegas, Nevada, at a foreclosure sale in September 2012 after Tucker fell behind on his HOA dues. Plaintiffs sue their former homeowners' association, the South Shore Villas HOA, and its president, Jacqueline Taylor, the HOA's servicer, Angius and Terry Collection, LLC (the HOA defendants), the Lido Isle Court Trust, which purchased the property at the foreclosure sale, its trustee, the Resources Group, LLC, and the Resources Group's manager, Iyad Haddad (the Lido Isle defendants).

---

[1] I find these motions suitable for disposition without oral argument.  L.R. 78-1.

Plaintiffs vaguely allege that "[t]his was a calculated and fraudulently[sic] scheme where members of an association and others foreclose on their members and retain individual[sic] to purchase the property at the auction."[2] Plaintiffs allege that Tucker's home was improperly foreclosed on after the HOA failed to properly post payments to his account, resulting in an outstanding balance of $18,501.58.[3] Tucker contested this amount, but the sale went forward anyway. When Tucker arrived at the auction, he was informed that the property had already been sold to the Lido Isle Court Trust for $11,060—not the $18,501.58 as the HOA claimed he owed.[4] Plaintiffs unsuccessfully tried to purchase the property back from Lido Isle, which demanded $100,000 for the property despite having only paid a fraction of that amount to obtain it.[5] Plaintiffs assert nine claims and seek monetary damages and injunctive and declaratory relief declaring them the rightful owners of the property.

**B.      Previous lawsuits**

This is not the first time Tucker has sued over the foreclosure sale. In fact, it's the fifth. First, Tucker sued the South Shore HOA and various HOA individuals, including Taylor, in state court challenging the HOA assessments against his property.[6] The state court entered judgment for defendants and against Tucker in that case in March 2008, and Tucker did not appeal that decision.

Shortly after the foreclosure sale, Lido Isle brought a quiet-title action against Tucker and First Fidelity Credit Company, which claimed to hold two deeds of trust on the property, to expunge the lis pendens filed by Tucker; Tucker asserted counterclaims.[7] The state court entered summary

---

[2] ECF No. 24 at 5.

[3] *Id.* at 6–7.

[4] *Id.* at 7.

[5] *Id.* at 8.

[6] *Freddie Tucker v. So. Shore Villas HOA*, Eighth Jud. Dist. Ct. Clark Cty. Nevada, Case No. 04A481795.

[7] *Lido Isle Ct. Trust v. Freddie Tucker, et al.*, Eighth Jud. Dist. Ct. Clark Cty. Nevada, Case No. A-12-669616-C.

judgment in favor of Lido Isle on all claims after finding that First Fidelity was owned and operated by Tucker and his mother[8] and that the lawful HOA foreclosures sale extinguished any interest in the property held by Tucker or First Fidelity.[9] Tucker did not appeal.

Plaintiffs then filed another state-court case[10] in which they again sought to challenge the foreclosure sale and regain title to the property.[11] In that case, plaintiffs named the same defendants as in this case and filed a second lis pendens. The state court dismissed the case and expunged the lis pendens, finding that plaintiffs' claims against the HOA defendants were either barred by claim preclusion or should have been brought in the case challenging the HOA assessments and that plaintiffs' claims against the Lido Isle defendants were either barred by claim preclusion or should have been brought in the quiet-title action filed by Lido Isle in which Tucker asserted counterclaims.[12] Plaintiffs appealed that judgment; the Nevada Supreme Court affirmed.[13]

Plaintiffs then filed yet another lawsuit seeking to challenge the foreclosure sale in the United States District Court for the Central District of California, which was dismissed for lack of personal jurisdiction.[14] Plaintiffs now seek to challenge the foreclosure sale in this forum and have filed a third lis pendens against the property.[15] Like the state court in plaintiffs' third lawsuit, I find these

---

[8] This squares with the amended complaint in this case in which Tucker alleges that he had unsuccessfully attempted to purchase the property at the foreclosure sale with a cashier's check in the name of First Fidelity Credit, which he alleges is a "family own[ed] company." ECF No. 24 at 7.

[9] ECF No. 26-3.

[10] After the state-court judge in the second case orally granted summary judgment in favor of Lido Isle but before the written order was entered.

[11] *Freddie Tucker v. So. Shore Villas HOA*, Eighth Jud. Dist. Ct., Clark Cty. Nevada, Case No. A-14-709994-C.

[12] ECF No. 26-4. The court also found that Hanson and Tucker were in privity and that all of the newly added defendants in this third case were in privity with the defendants in the first two cases.

[13] ECF No. 26-5.

[14] ECF No. 26-6.

[15] ECF No. 26-7.

claims barred.

## Discussion

**A.     Motion to dismiss standards**

Rule 8 of the Federal Rules of Civil Procedure requires every complaint to contain "[a] short and plain statement of the claim showing that the pleader is entitled to relief."[16] While Rule 8 does not require detailed factual allegations, the properly pled claim must contain enough facts to "state a claim to relief that is plausible on its face."[17] This "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; the facts alleged must raise the claim "above the speculative level."[18] In other words, a complaint must make direct or inferential allegations about "all the material elements necessary to sustain recovery under *some* viable legal theory."[19]

District courts employ a two-step approach when evaluating a complaint's sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept as true all well-pled factual allegations in the complaint, recognizing that legal conclusions are not entitled to the assumption of truth.[20] Mere recitals of a claim's elements, supported only by conclusory statements, are insufficient.[21] Second, the court must consider whether the well-pled factual allegations state a plausible claim for relief.[22] A claim is facially plausible when the complaint alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.[23] A complaint that does

---

[16] Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

[17] *Twombly*, 550 U.S. at 570.

[18] *Iqbal*, 556 U.S. at 678.

[19] *Twombly*, 550 U.S. at 562 (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1989)) (emphasis in original).

[20] *Iqbal*, 556 U.S. at 678–79.

[21] *Id*.

[22] *Id.* at 679.

[23] *Id.*

not permit the court to infer more than the mere possibility of misconduct has "alleged—but not shown—that the pleader is entitled to relief," and it must be dismissed.[24]

**B.      Evidence outside the pleadings**

"In ruling on a 12(b)(6) motion, a court may generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."[25] Otherwise, the motion must be converted into one for summary judgment before matters outside the pleadings may be considered.  The Ninth Circuit has adopted two narrow exceptions to this rule in order to prevent plaintiffs from avoiding dismissal "by deliberately omitting references to documents upon which their claims are based."[26]  A court may consider documents where (1) "the complaint necessarily relies upon the document" or (2) "the contents of the document are alleged in the complaint, the document's authenticity is not in question," and the document's relevance is not in dispute."[27]  A court may also "take judicial notice of adjudicative facts not subject to reasonable dispute."[28]  I thus consider the records from the parties' state-court cases challenging the sale of the property[29] and the deed of sale for the subject property,[30] both of which I may take judicial notice of under FRE 201.

---

[24] *Twombly*, 550 U.S. at 570.

[25] *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007).

[26] *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute as stated in McManus v. McManus Financial Consultants, Inc.*, 552 Fed. Appx. 713 (9th Cir. 2014).

[27] *Coto Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010).

[28] *United States v. Chapel*, 41 F.3d 1338, 1342 (9th Cir. 1994); FED. R. EVID. 201(a)–(f).

[29] ECF No. 26-3, 40-1 (order granting Lido Isle Court Trust's motion for summary judgment in case two); ECF No. 26-2 (notice of pendency of lis pendens action against defendants in state court in case three); ECF No. 26-4, 41-2 (order granting defendants' motion to dismiss and to expunge lis pendens in case three); ECF No. 26-5, 41-3 (Nevada Supreme Court order affirming judgment in favor of defendants in case three); ECF No. 26-6, 41-4 (minutes dismissing plaintiffs' claims against defendants in the United States District Court for the Central District of California based on lack of personal jurisdiction).

[30] ECF No. 26-1

**C.   Plaintiffs' complaint must be dismissed under FRCP 12(b)(1) for lack of subject-matter jurisdiction.**

I find that the *Rooker-Feldman* doctrine precludes me from considering plaintiffs' claims. The *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject-matter jurisdiction over a suit that is a de facto appeal from a state court judgment.[31] By this action, plaintiffs essentially seek to appeal the Nevada state-court rulings that the foreclosure sale was valid and extinguished Tucker's interest in the property, and that the plaintiffs' claims challenging the sale are barred by claim preclusion. Throughout the amended complaint, plaintiffs raise and challenge errors made by the Nevada state courts. For example, plaintiffs allege that one of the state-court judges ruled against them because he "was not familiar with the case."[32] Plaintiffs also represent that they are seeking relief in federal court because the state court "appears to have a hidden agenda."[33] The Nevada state courts have determined that the foreclosure sale was valid, that plaintiffs have no interest in the foreclosed-on property, and that plaintiffs' claims challenging the sale against these defendants are barred by claim preclusion. This court lacks jurisdiction to review those judgments and to grant plaintiffs the relief they seek. Because this is a jurisdictional defect that cannot be cured by amendment, I grant defendants' motion and dismiss plaintiffs' complaint with prejudice and without leave to amend.[34]

---

[31] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

[32] ECF No. 24 at 9.

[33] *Id.* at 9.

[34] I also note that plaintiffs' mail has been returned as undeliverable. ECF No. 52. This is another basis for dismissal. LSR 2-2 requires parties proceeding *in forma pauperis* in this district to immediately file written notice of any change of address. Failure to comply with LSR 2-2 may result in dismissal with prejudice.

### D. I declare plaintiffs vexatious litigants as to any future claims challenging the foreclosure sale against these defendants.

Defendants seek a prefiling order preventing plaintiffs and any parties in privity with them from filing any further litigation involving the subject property without prior court approval.[35] Defendants also request a bond requirement. Federal district courts have the inherent authority to issue writs—including the requested prefiling order—to prevent litigants from continuing to file frivolous lawsuits and abuse the judicial process.[36] Prefiling orders are an extreme remedy and should be granted only "after a cautious review of the pertinent circumstances."[37] Before entering a prefiling order, the district court must provide the party against whom the order is sought notice and an opportunity to be heard.[38] If the court grants a prefiling order, it must set forth which cases and motions support its conclusion that the party's filings are so numerous or abusive that they should be enjoined, make substantive findings as to the frivolous or harassing nature of the litigant's actions, and narrowly tailor the order to "fit the specific vice encountered."[39]

Having cautiously reviewed the pertinent circumstances, I find that the narrowly tailored order requested by defendants is appropriate, with the exception of the bond requirement. Plaintiffs have been given notice and an opportunity to oppose defendants' request, which they did.[40] The state-court cases outlined in this order support my conclusion that a prefiling order is warranted. Plaintiffs named all of the defendants in this case that they also named in case A709994, in which they were placed on notice by the state court's order granting dismissal and the Nevada Supreme Court's order of affirmance that their claims challenging the foreclosure sale of the property are

---

[35] ECF No. 41 at 10.

[36] *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1057 (9th Cir. 2007).

[37] *Id.*

[38] *De Long v. Hennessey*, 912 F.2d 1144, 1147–48 (9th Cir. 1990).

[39] *Id.* at 1148–49.

[40] ECF No. 43.

either barred by claim preclusion or barred because they should have been brought in one of the earlier cases. Plaintiffs' claims challenging the HOA assessments and the validity of the foreclosure sale were rejected on their merits in cases A481795 and A669616, and the Nevada state court has twice expunged lis pendens on the property filed by Tucker.

This, in sum, marks Tucker's fourth attempt—fifth when I count the Central District of California action that was dismissed for lack of personal jurisdiction—to set aside the foreclosure sale and regain title to the subject property, and this is the third time that he has clouded Lido Isle's valid title to the property by filing a lis pendens. I therefore find that plaintiffs' actions in filing this lawsuit are at least frivolous, if not harassing, and that a narrowly tailored order preventing plaintiffs and those in privity with them from filing further actions against these defendants and those in privity with them to challenge the foreclosure sale is appropriate. I therefore enter the requested prefiling order against plaintiffs, but I decline to impose a bond requirement against these plaintiffs who are proceeding *in forma pauperis*.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, and DECREED that **defendants' motion to dismiss and to expunge lis pendens [ECF No. 26] and motion to declare plaintiffs vexatious litigants [ECF No. 41] are GRANTED. This case is DISMISSED with prejudice.**

IT IS FURTHER ORDERED that the Notice of Pendency of Action or Lis Pendens recorded by plaintiffs in relation to this matter [ECF No. 5] as to certain parcel of real property 163-08-715-014 located at 3127 Lido Isle Court, Las Vegas, 89117, is expunged. A copy of this order may be recorded at the Clark County Recorder's Office in the applicable chain of title.

IT IS FURTHER ORDERED that **plaintiffs and those in privity with plaintiffs will not be permitted to file an action against these defendants and those in privity with them challenging the 2012 foreclosure sale of the property located at 3127 Lido Isle Court, Las Vegas, 89117, without prior court approval of this court.**

Dated this 10th day of January, 2017.

_____
Jennifer A. Dorsey
United States District Judge