UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Freddie Tucker, et al., <br><br> Plaintiffs <br><br> v. <br><br> South Shore Villas Homeowners Association, et al., <br><br> Defendants | 2:15-cv-00961-JAD-NJK <br><br> **Order Denying Motion to Reconsider** <br><br> [ECF No. 54] |

Pro se plaintiffs Freddie Tucker and Ida Hanson sued defendants to challenge the sale of Tucker's home at a 2012 foreclosure sale after he fell behind on his homeowners' association dues. I granted defendants' dismissal motion under the *Rooker-Feldman* doctrine because, by this action, plaintiffs essentially sought to appeal the Nevada state-court rulings that the foreclosure sale was valid and extinguished Tucker's interest in the property, and that the plaintiffs' claims challenging the sale are barred by claim preclusion.[1] Plaintiffs now ask me to reconsider the with-prejudice effect of my dismissal order based on the Ninth Circit's decision in *Bourne Valley Court Trust v. Wells Fargo Bank, N.A.*, which held that Nevada's nonjudicial HOA-lien foreclosure scheme "facially violated mortgage lenders' constitutional due process rights" before it was amended in 2015.[2] Because *Bourne Valley* is not a valid basis for me to reconsider my dismissal order, I deny plaintiffs' motion and direct the Clerk of Court to close this case.

**Background**

**A.    Tucker's complaint**

Plaintiffs brought this case to challenge the sale of Tucker's home located at 3127 Lido Isle Court, Las Vegas, Nevada, at a foreclosure sale in September 2012 after Tucker fell behind on his

---

[1] Additionally, because this action is Tucker's fifth attempt to challenge the foreclosure sale, I granted defendants' request to declare plaintiffs vexatious litigants as to any future claim arising from the sale of the subject property.

[2] *Bourne Valley Court Trust v. Wells Fargo Bank, NA*, 832 F.3d 1154, 1160 (9th Cir. 2016).

HOA dues. Plaintiffs sued their former homeowners' association, the South Shore Villas HOA, and its president, Jacqueline Taylor, the HOA's servicer, Angius and Terry Collection, LLC (the HOA defendants), the Lido Isle Court Trust, which purchased the property at the foreclosure sale, its trustee, the Resources Group, LLC, and the Resources Group's manager, Iyad Haddad (the Lido Isle defendants).

Plaintiffs vaguely alleged that "[t]his was a calculated and fraudulently[sic] scheme where members of an association and others foreclose on their members and retain individual[sic] to purchase the property at the auction."[3] Plaintiffs alleged that Tucker's home was improperly foreclosed on after the HOA failed to properly post payments to his account, resulting in an outstanding balance of $18,501.58.[4] Tucker contested this amount, but the sale went forward anyway. When Tucker arrived at the auction, he was informed that the property had already been sold to the Lido Isle Court Trust for $11,060—not the $18,501.58 that the HOA claimed he owed.[5] Plaintiffs unsuccessfully tried to purchase the property back from Lido Isle, which demanded $100,000 for the property despite having only paid a fraction of that amount to buy it.[6] Plaintiffs asserted nine claims and sought monetary damages and injunctive and declaratory relief declaring them the rightful owners of the property.

**B.   Previous lawsuits**

This is not the first time Tucker has sued over the foreclosure sale. In fact, it's the fifth. First, Tucker sued the South Shore HOA and various HOA individuals, including Taylor, in state court challenging the HOA assessments against his property.[7] The state court entered judgment for defendants and against Tucker in that case in March 2008, and Tucker did not appeal that decision.

---

[3] ECF No. 24 at 5.

[4] *Id.* at 6–7.

[5] *Id.* at 7.

[6] *Id.* at 8.

[7] *Freddie Tucker v. So. Shore Villas HOA*, Eighth Jud. Dist. Ct. Clark Cty. Nevada, Case No. 04A481795.

Shortly after the foreclosure sale, Lido Isle brought a quiet-title action against Tucker and First Fidelity Credit Company, which claimed to hold two deeds of trust on the property, to expunge the lis pendens filed by Tucker; Tucker asserted counterclaims.[8] The state court entered summary judgment in favor of Lido Isle on all claims after finding that First Fidelity was owned and operated by Tucker and his mother[9] and that the lawful HOA foreclosures sale extinguished any interest in the property held by Tucker or First Fidelity.[10] Tucker did not appeal.

Plaintiffs then filed another state-court case[11] in which they again sought to challenge the foreclosure sale and regain title to the property.[12] In that case, plaintiffs named the same defendants as in this case and filed a second lis pendens. The state court dismissed the case and expunged the lis pendens, finding that plaintiffs' claims against the HOA defendants were either barred by claim preclusion or should have been brought in the case challenging the HOA assessments and that plaintiffs' claims against the Lido Isle defendants were either barred by claim preclusion or should have been brought in the quiet-title action filed by Lido Isle in which Tucker asserted counterclaims.[13] Plaintiffs appealed that judgment; the Nevada Supreme Court affirmed.[14]

Plaintiffs then filed yet another lawsuit seeking to challenge the foreclosure sale in the United States District Court for the Central District of California, which was dismissed for lack of personal

---

[8] *Lido Isle Ct. Trust v. Freddie Tucker, et al.*, Eighth Jud. Dist. Ct. Clark Cty. Nevada, Case No. A-12-669616-C.

[9] This squares with the amended complaint in this case in which Tucker alleges that he had unsuccessfully attempted to purchase the property at the foreclosure sale with a cashier's check in the name of First Fidelity Credit, which he alleges is a "family own[ed] company." ECF No. 24 at 7.

[10] ECF No. 26-3.

[11] After the state-court judge in the second case orally granted summary judgment in favor of Lido Isle but before the written order was entered.

[12] *Freddie Tucker v. So. Shore Villas HOA*, Eighth Jud. Dist. Ct., Clark Cty. Nevada, Case No. A-14-709994-C.

[13] ECF No. 26-4. The court also found that Hanson and Tucker were in privity and that all of the newly added defendants in this third case were in privity with the defendants in the first two cases.

[14] ECF No. 26-5.

jurisdiction.[15] Plaintiffs then brought this action.[16] Like the state court in plaintiffs' third lawsuit, I found plaintiffs' claims barred.

**C.    Dismissal order**

I found that the *Rooker-Feldman* doctrine precluded me from considering plaintiffs' claims. The *Rooker-Feldman* doctrine prohibits a federal district court from exercising subject-matter jurisdiction over a suit that is a de facto appeal from a state court judgment.[17] Plaintiffs essentially sought to appeal the Nevada state-court rulings that the foreclosure sale was valid and extinguished Tucker's interest in the property, and that the plaintiffs' claims challenging the sale are barred by claim preclusion.[18] I reasoned that, throughout the amended complaint, plaintiffs raise and challenge errors made by the Nevada state courts. For example, plaintiffs allege that one of the state-court judges ruled against them because he "was not familiar with the case."[19] Plaintiffs also represented that they were seeking relief in federal court because the state court "appears to have a hidden agenda."[20]

Because the Nevada state courts have determined that the foreclosure sale was valid, that plaintiffs have no interest in the foreclosed-on property, and that plaintiffs' claims challenging the sale against these defendants are barred by claim preclusion, I concluded that this court lacks jurisdiction to review those judgments and to grant plaintiffs the relief they seek. And because this is a jurisdictional defect that cannot be cured by amendment, I dismissed plaintiffs' complaint with

---

[15] ECF No. 26-6.

[16] ECF No. 26-7.

[17] *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898 (9th Cir. 2003).

[18] In ruling on defendant's dismissal motion, I considered the records from the parties' state-court cases challenging the sale of the property and the deed of sale for the subject property, both of which I took judicial notice of under FRE 201. ECF No. 53 at 5.

[19] ECF No. 24 at 9.

[20] *Id.* at 9.

prejudice and without leave to amend.[21]

## Discussion

**A.  Motion to reconsider**

A motion to reconsider must set forth "some valid reason why the court should reconsider its prior decision" by presenting "facts or law of a strongly convincing nature."[22]  Reconsideration is appropriate if the court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law."[23]  "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled."[24]

Plaintiffs argue that the Ninth Circuit's decision in *Bourne Valley* is an intervening change in controlling law that warrants reconsideration.  Plaintiffs request that I relieve them of the with-prejudice effect of my dismissal order and grant them leave to amend their complaint to assert a single claim for declaratory relief based on *Bourne Valley*.  Plaintiffs point out that the state-court decisions were based on the Nevada Supreme Court's decision in *SFR Investments Pool 1, LLC v. U.S. Bank,* which held that foreclosure of an HOA's super-priority lien extinguishes all junior interests, including a mortgage lender's first deed of trust.[25]  Plaintiff argues that the state-court decisions in favor of the Lido Isle defendants found that First Fidelity Credit Union was owned and operated by Tucker and his mother and that the foreclosure sale wiped out First Fidelity's and

---

[21] I also noted that plaintiffs' mail had been returned as undeliverable, ECF No. 52, which was another basis for dismissal.  LSR 2-2 requires parties proceeding *in forma pauperis* in this district to immediately file written notice of any change of address.  Failure to comply with LSR 2-2 may result in dismissal with prejudice.

[22] *Frasure v. United States*, 256 F. Supp. 2d 1180, 1183 (D. Nev. 2003).

[23] *Sch. Dist. No. 1J v. Acands, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).

[24] *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005).

[25] *SFR Investments Pool 1, LLC v. U.S. Bank,* 334 P.3d at 408, 410–14 (Nev. 2014).

Tucker's interests in the property, but that this sale was unlawful under *Bourne Valley*.[26]

I decline plaintiffs' request for reconsideration. First, *Bourne Valley* was decided before plaintiffs filed their response to defendants' dismissal motion[27] and well before I issued my decision, so it is not an "intervening change in controlling law" warranting reconsideration, and plaintiffs waived their *Bourne Valley*-based arguments by failing to raise them in their opposition. Second, *Bourne Valley* affords relief only to lenders whose interests were wiped out by HOA foreclosure liens, not individuals like plaintiffs, and First Fidelity is not a party to this case. Third, plaintiffs chose to fully litigate their claims challenging the foreclosure sale in state court, and they may not re-litigate them in this forum simply because the Ninth Circuit ignored or departed from Nevada law in *Bourne Valley*. At bottom, plaintiffs still seek a de facto appeal of the state-court rulings upholding the foreclosure sale, which is what the *Rooker-Feldman* doctrine prohibits.[28] *Bourne Valley* does not change that fact. I therefore deny plaintiffs' motion to reconsider.

---

[26] In their reply, plaintiffs clarify that they also request that the portion of the order declaring them vexatious litigants be vacated because this action was not vexatious under *Bourne Valley*. Even if *Bourne Valley* could allow them to appeal the earlier state-court rulings upholding the foreclosure sale in federal court, they had no good-faith basis for bringing this case at the time they filed it, which was three months before *Bourne Valley* was decided. My declaration stands.

[27] *Bourne Valley* was decided on August 12, 2016, and plaintiffs filed their opposition on August 25, 2016. ECF No. 43.

[28] Notably, just last month in *Saticoy Bay v. Wells Fargo*, the Nevada Supreme Court reaffirmed the *SFR* principles and expressly declined to follow the Ninth Circuit's holding in *Bourne Valley*. *Saticoy Bay LLC Series 250 Durango 14 v. Wells Fargo*, __P.3d__, 2017 WL 398426, n.5 (Nev. Jan. 26, 2017). This may be why plaintiffs are seeking reconsideration in this forum rather than seeking relief from the earlier state-court judgments in state court. Petitions for certiorari review of *Bourne Valley* and *Saticoy Bay* are being filed in the United States Supreme Court.

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that plaintiffs' motion to reconsider **[ECF No. 54]** is **DENIED.**

Dated this 1st day of March, 2017.

_____
Jennifer A. Dorsey
United States District Judge